UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4887** |

July 21, 2010

### LETTER ORDER

Re:   Chassen, et al. v. Fidelity National Title Ins. Co., et al.,
        Civil Action No. 09-291 (ES)

Dear Counsel:

The undersigned is in receipt of Defendants' letters dated June 21, 2010 and June 24, 2010, seeking the Court to order the disclosure of communications between Plaintiff's counsel and Plaintiff Deborah Hoffman ("Plaintiff" or "Mrs. Hoffman") during a deposition recess. The Court is also in receipt of Plaintiff's opposition letter dated June 28, 2010. For the reasons set forth below, Defendants' request is hereby granted.

Defendants seek to (1) depose Mrs. Hoffman regarding communications that arose during all breaks and recesses at Mrs. Hoffman's June 9, 2010 deposition; (2) preclude Plaintiff's counsel from discussing testimony during breaks; and (3) obtain fees and expenses in connection with the filing of the letters and the redeposition of Mrs. Hoffman. *See* Defendants' Letter dated June 24, 2010 at 8. Defendants contend that because Plaintiff discussed the substance of her testimony during the recess in question, the communications are not protected by the attorney-client privilege and the Court should permit Defendants to inquire into the substance of the discussions. In response, Plaintiff argues that the communications are protected under the attorney-client privilege and should not be disclosed. *See* Plaintiff's Letter dated June 28, 2010 at 6.

Pursuant to Fed. R. Civ. P. 30(c), examination at a deposition is to proceed as it does at trial. In fact, "[d]uring a civil trial, a witness and his . . . lawyer are not permitted to confer at their pleasure during the witness's testimony. . . The same is true at a deposition." *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993). Moreover, counsel and witness are prohibited from engaging in private, off-the-record conferences during any breaks in a deposition, except for the purpose of deciding whether to assert a privilege. *Id*. at 529. Otherwise, a deposing attorney can inquire about the specific content of those communications to ascertain whether any witness-

coaching has occurred. *Id*. at 532. While it is true that *Hall* is not universally followed in all jurisdictions, the United States District Court, District of New Jersey has adopted its language to restrict attorney-client conferences once a deposition has begun. *See Ngai v. Old Navy*, Civil Action No. 07-5653, 2009 WL 2391282 (D.N.J. July 31, 2009). There, the Court held, if an off-the-record conference occurs between the witness and her counsel about a topic other than to discuss asserting a privilege, then the discussion is not protected by the attorney-client privilege and a deposing attorney is entitled to inquire as to the content of the communication. *Id*. at * 4 (citing *Hall*, 150 F.R.D. at 529).

This Court finds that Defendants will be permitted to question Mrs. Hoffman about the communications between her and counsel during the deposition break where Mrs. Hoffman admitted she spoke to counsel about her testimony. *See* Transcript of June 9, 2010 Hoffman Deposition ("Hoffman Dep.") at 68:10 to 18. First, review of the transcript demonstrates that Plaintiff's counsel engaged in conduct that is in violation of Fed. R. Civ. P. 30(c) by communicating with his client about her testimony after she was sworn in for the deposition. Plaintiff's counsel admits that, during the break, he "disclosed [his] mental impressions and opinions about [Mrs. Hoffman's] testimony." *See* Hoffman Dep. at 90:17-19. Second, Plaintiff has not presented any evidence to show that the nature of the communication pertained to issues of privilege, which would otherwise be shielded from discovery. *Id*.; *see also Ngai*, 2009 WL 2391282 at *4 (finding that any "private conferences concerning the assertion of privilege or other subject matter should be noted on the record, including the purpose and outcome"). Third, Defendants have a right to explore whether the discussions counsel had with the Plaintiff during the recess may have influenced her testimony, thus interfering with the fact-finding goal of the deposition process. *See Hall*, 150 F.R.D. at 528.

Plaintiff maintains that an attorney cannot be penalized for utilizing a recess that he did not request to learn whether his client misunderstood any deposition questions. *See* Hoffman Dep. at 90: 2 to 10. Although a client has the right to counsel, this right is not without exception. Once a deposition begins, the right to counsel "is somewhat tempered by the underlying goal of our discovery rules: getting to the truth." *See Hall*, 150 F.R.D. at 528. Therefore, if a witness needs further clarification, the witness could ask the deposing lawyer to explain the question. "[T]he lawyer who asked the question is in a better position to explain the question than is the witness's own lawyer." *Id*. at 529.

The Court notes that Defendants seek to depose Mrs. Hoffman about her communications with counsel during all of the breaks at the June 9, 2010 deposition. Defendants, however, have not demonstrated any improper behavior during any break other than the one noted on Page 68, Line 10 of Mrs. Hoffman's Deposition Transcript. Therefore, Mrs. Hoffman's redeposition will be limited to the questions regarding communications during the break noted above. The Court also cautions Plaintiff's counsel to be mindful of this ruling during future depositions. Finally, this Court declines to award Defendants attorneys' fees and expenses incurred in connection with the informal motion and the continued deposition. Defendants have not sustained their burden to demonstrate how

Plaintiff's behavior meets the standard set forth in Fed. R. Civ. P. 30(d)(2) which enables this Court to award sanctions.

Therefore, this Court **GRANTS** Defendants' request for discovery of the attorney-client conversations which occurred during the brief recess in the June 9, 2010 deposition of Ms. Hoffman.

**SO ORDERED.**

s/Esther Salas
Esther Salas, U.S.M.J