**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR CHASSEN, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> FIDELITY NATIONAL FINANCIAL, INC., et al. <br><br> Defendants. | Civil Action No.: 09-291 (PGS) <br><br><br> **MEMORANDUM AND ORDER** |

     This matter comes before the Court on Plaintiffs Arthur Chassen, et al.'s ("Plaintiffs") appeal from Magistrate Judge Esther Salas's ("Magistrate Judge Salas") July 21, 2010 Letter Order (the "July 21, 2010 Letter Order") which provided for the discovery of a conversation between an individual Plaintiff, Deborah Hoffman ("Ms. Hoffman"), and her counsel, Mark R. Cuker, Esq. ("her attorney"), that took place during a break in Ms. Hoffman's deposition.

     During a short break in the deposition of Ms. Hoffman, Ms. Hoffman and her attorney had a conversation about Ms. Hoffman's testimony. Obviously, two issues emanate. The first issue was whether the attorney impermissibly "coached" Ms. Hoffman skewing the truthfulness of her testimony. And, the second issue was whether such an attorney-client conversation is privileged, and should remain confidential despite the coaching (if any).

1

Ms. Hoffman's attorney stated that he "disclosed [his] mental impressions and opinions about [Ms. Hoffman's] testimony" during a short break.  Evidently, the questioning prior to the breach concerned Ms. Hoffman's availability to testify at trial.  This was a critical area of questioning because Ms. Hoffman was a candidate to serve as class representative.  Prior to the break, Ms. Hoffman stated that she could not leave work to attend a trial.  After Ms. Hoffman's conversation with her attorney during the deposition break, Ms. Hoffman recanted and stated that she could attend a trial so long as she had advance notice.

On a motion by Defendants, Magistrate Judge Salas ruled that Defendants[1] attorney could ask questions about the conversation between Ms. Hoffman and her attorney.

At oral argument, I proposed that an in-camera hearing with Ms. Hoffman and her attorney be undertaken as the appropriate remedy because of the attorney-client conversation.  In my view, an in-camera hearing with Magistrate Judge Salas would be the least onerous means of discovering whether the purpose of the conversation during the deposition break was to "coach" the client, while, at the same time, protecting the conversation to the extent practicable.

Counsel for the parties disagreed. Both Ms. Hoffman's attorney and Defendants' attorney believed that the best solution was to proceed with the deposition about the attorney-client conversation because it would not take a significant amount of time, and other depositions in the case proceeded smoothly without any alleged "coaching."

---

[1]     Plaintiffs named numerous defendants in Plaintiffs' amended class action complaint.  For the purposes of this Opinion, however, "Defendants" shall refer only to Fidelity National Financial, Inc., Fidelity National Title Insurance Company, Chicago Title Insurance Company, Transnation Title Insurance Company, and Lawyers Title Insurance Corporation.

Since improper coaching of a deponent during a short deposition break may undermine the truthfulness of the deposition testimony, the questioning of Ms. Hoffman as ordered by Magistrate Judge Salas is appropriate. Without making any ruling, attorney-client conversations are usually privileged, and a court must consider the least onerous means of ascertaining the content of the conversation and disciplining the attorney responsible for "coaching" the deponent, while at the same time, protecting the conversation to the fullest extent practicable.  For example, in order to achieve such twin goals, a court could impose a fine on the offending attorney, and/or order an in-camera hearing to limit the scope of disclosure of the deposition break communications.  Here, based on the representations at oral argument and the finding of Magistrate Judge Salas, the July 21, 2010 Letter Order is affirmed.

It is on this 13th day of January 2011

ORDERED that Plaintiffs' Appeal from Magistrate Judge Salas's July 21, 2010 Letter Order (Docket Entry 193) is denied.


_____
PETER G. SHERIDAN, U.S.D.J.

January 13, 2011